T.C. Summary Opinion 2011-53


UNITED STATES TAX COURT


FRANCISCO MARTINEZ CAMARILLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22992-09S.                Filed April 18, 2011.


Francisco Martinez Camarillo, pro se.

<u>Kevin W. Coy</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,895 in petitioner's Federal income tax for 2008. After concessions,[1] the issues for decision are whether petitioner is entitled to the earned income tax credit (EITC) and the additional child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in California when he filed his petition.

At the time of trial petitioner had lived with his girlfriend (Ms. Alejandre) for 12 years, which included the year at issue. Ms. Alejandre is the biological mother of D.Z. and J.L. The children have lived with petitioner since they were "very young". Petitioner is not the biological father of D.Z. or J.L., nor has petitioner adopted either child.

Petitioner electronically filed his Federal income tax return for 2008. He reported business income of $13,938 on the return, and his adjusted gross income was $12,953. On his return petitioner claimed the EITC and the additional child tax credit. Respondent disallowed both credits.

---

[1]Respondent concedes that petitioner is entitled to dependency exemption deductions for D.Z. and J.L. The Court redacts the names of minor children. See Rule 27(a)(3).

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2] Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

### II. EITC

Section 32(a)(1) allows an "eligible individual" an EITC against that individual's income tax liability. Section 32(a)(2) provides limitations on the amount of the allowable credit based on certain percentages and amounts (as determined by section 32(b)). Generally, the limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no qualifying children, one qualifying child, or two or more qualifying children, as defined in section 152(c). Sec. 32(a), (b), and (c).

---

[2]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his tax liability.

Under section 152(c)(1)(A) the term "qualifying child" means an individual "who bears a relationship to the taxpayer described in paragraph (2)".[3]  An individual bears a relationship to a taxpayer for purposes of section 152(c)(1)(A) if the individual is "a child of the taxpayer or a descendant of such a child" or "a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative."  Sec. 152(c)(2).

At trial petitioner testified that although the children had lived with him since they were "very young", he had taken no steps to adopt or otherwise legally recognize the children as his.  Under the Code, D.Z. and J.L. do not bear a relationship to petitioner.  Therefore, D.Z. and J.L. are not petitioner's qualifying children for purposes of the EITC under section 32(a)(1).

Individuals without qualifying children, however, may be eligible for an EITC if their earned income is no greater than the amount that the Code permits.  Sec. 32(a)(1), (b)(2), (j)(1); see Rowe v. Commissioner, 128 T.C. 13, 15 (2007).  Earned income for purposes of the EITC includes wages and net earnings from self-employment.  Sec. 32(c)(2); sec. 1.32-2(c)(2), Income Tax Regs.

---

[3]The children's relationship to petitioner is the only factor of the qualifying child test at issue.

Rev. Proc. 2007-66, sec. 3.07, 2007-2 C.B. 970, 973, lists the amounts used to determine the EITC for 2008 under section 32(b). The revenue procedure lists $12,880 as the completed phaseout amount. Id. The "completed phaseout amount" is the amount of adjusted gross income (or, if greater, earned income) at or above which no credit is allowed. Id. Petitioner's adjusted gross income and earned income both exceeded the phaseout amount of $12,880 for 2008. Accordingly, he is ineligible to claim an EITC under section 32(c)(1)(A)(ii) as an individual without a qualifying child for 2008. Respondent's determination is sustained.

III.  Additional Child Tax Credit

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of a taxpayer. A portion of the credit is refundable. Sec. 24(d). The refundable portion of the credit is commonly referred to as the additional child tax credit. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

As discussed above, D.Z. and J.L. are not petitioner's qualifying children under section 152(c). Therefore, petitioner does not have any qualifying children and is not entitled to the

section 24(d) additional child tax credit for 2008.  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.